IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETRIO P. PANTOJA,

    Plaintiff,

vs.

BANK OF AMERICA &
RECON TRUST COMPANY,

    Defendants.

No. 2:13-cv-0511 GEB KJN PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

    Plaintiff Demetrio P. Pantoja, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. No. 2.)[1] Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

    However, pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

As an initial matter, plaintiff's "complaint" is not in fact a pleading – it is merely a collection of documents, including portions of declarations, a copy of a deed, letters, notices,

etc. that appear to concern foreclosure proceedings and plaintiff's interest in real property located at 1857 Letterkenny Drive, Lincoln, California.  (See generally Dkt. No. 1.)  The documents also contain various oblique statements, such as references to being a "living, breathing, sentient being on the land," a "Natural Person" and not an "Artificial Person."  (See e.g. id. at 3.)  Even liberally construed, plaintiff's filing does not comply with Federal Rule of Civil Procedure 8, which states, in part, that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Plaintiff's instant complaint does not set forth the grounds for the court's jurisdiction, the specific claims asserted against defendants, the specific relief sought, or the factual allegations supporting such claims or relief.

Were those the only defects in the complaint, the undersigned would be inclined to grant plaintiff leave to amend his complaint and state a cognizable claim.  However, a careful review of the papers submitted along with the complaint indicates that plaintiff is not attempting to initiate a new action, but in fact attempting to reinstate or reopen a previous action in this court.  (See Civil Cover Sheet, Dkt. No. 1 at 45 [indicating that the instant action is a "Reinstated or Reopened Action"].)  Indeed, the court's records confirm that plaintiff on June 15, 2011, filed an action against the same defendants involving the same property and the same deed of trust at issue in this case.  (See Dkt. No. 1 at 24-39 and compare to 2:12-cv-262-GEB-EFB, Dkt. No. 1.)[2]  On July 16, 2012, the prior action was dismissed pursuant to Federal Rule of Civil Procedure

---

[2] The prior action was initially filed in the United States District Court for the Northern District of California and was subsequently transferred to this court on January 17, 2012.  (See 2:12-cv-262-GEB-EFB, Dkt. No. 27.)  Although plaintiff named Recon Trust Company and "BAC Home Servicing, LP" as defendants in the prior action, BAC Home Servicing, LP is simply a part of Bank of America, the named defendant in the instant action.

3

41(b) based on plaintiff's failure to prosecute the action and to comply with court orders and Local Rules, and a judgment was entered. (See 2:12-cv-262-GEB-EFB, Dkt. Nos. 39, 40.)

In light of the final judgment in the prior action, any new action against the same parties regarding the same subject matter as the prior action is barred by the doctrine of claim preclusion. Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action...The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987); accord Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714.

As noted above, this action involves the same parties as the prior action, and a final judgment was entered in the prior action. Furthermore, although plaintiff's complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, it is clear that the instant

1  action involves the same transactional nucleus of facts as the prior action, because it involves
2  plaintiff's rights and interests in the same real property, pursuant to the same deed of trust.  As
3  such, the two actions also involve substantially the same evidence, and prosecution of the instant
4  action is likely to destroy or impair rights or interests established in the prior action.  Indeed,
5  plaintiff's instant complaint, although vague, acknowledges that plaintiff is actually attempting to
6  reinstate or reopen the prior action.
7        If plaintiff truly has a good faith legal basis to reopen the prior action, an issue on
8  which the undersigned expresses no opinion, plaintiff must file an appropriate motion seeking
9  such relief *in the prior action*.  The appropriate remedy is not to file a new action.
10       For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request to
11 proceed in forma pauperis (dkt. no. 2) is GRANTED.
12       IT IS ALSO HEREBY RECOMMENDED that:
13       1. The action be DISMISSED WITH PREJUDICE.
14       2. The Clerk of Court be directed to close this case and vacate all dates.
15       These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
17 (14) days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
20 shall be served on all parties and filed with the court within fourteen (14) days after service of the
21 objections.  The parties are advised that failure to file objections within the specified time may
22 waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
23 Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
24 ////
25 ////
26 ////

1       IT IS SO ORDERED AND RECOMMENDED.

2  DATED:  March 15, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE